MINUTE ENTRY
CURRAULT, M. J.
DECEMBER 9, 2020

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRANTLEY BLANCHARD                              CIVIL ACTION

VERSUS                                          NO. 19-9067

JAMES RIVER INSURANCE                           SECTION "R" (2)
COMPANY


Oral Argument was conducted by video conference on this date on Plaintiff's four motions:

Motion to Quash Notice of Records Deposition and Subpoena to Louisiana Workers'

Compensation Corporation (ECF No. 26); Motion to Compel Discovery (ECF No. 27); Motion to

Quash Notice of Records Depositions and Subpoenas to Employers (ECF No. 29); and Motion to

Quash Notices of Records Deposition and Subpoenas *Duces Tecum* to Treating Physicians (ECF

No. 30).   All motions are opposed, except Plaintiff's Motion to Quash Notice of Records

Deposition and Subpoena to Louisiana Workers' Compensation Corporation (ECF No. 26).  *See*

ECF Nos. 34, 35, 36.  Plaintiff's counsel requested oral arguments on the Motion to Compel (ECF

No. 27) and the Motion to Quash involving Treating Physicians (ECF No. 29); however, oral

argument was heard on all four motions at issue.

Participating were:    Keith L. Magness, counsel for plaintiff;

Eberhard D. Garrison, counsel for defendant.

The Court heard arguments from both parties.

The Defendant did not oppose the Motion to Quash with regard to Louisiana Workers'

Compensation Corporation (LWCC) and notified the Court that he had withdrawn that subpoena

*duces tecum*.  Accordingly, the Plaintiff's motion to quash with regards to LWCC is DENIED AS MOOT.   With regard to the Motion to Quash directed to the employers, La. Rev. Stat. § 23:193(A)(1) addresses records in the possession of LWCC and does not prevent discovery of documents from the employers.  Further, Plaintiff lacks standing to quash the subpoena *duces tecum* based on undue burden or overbreadth.  Accordingly, Plaintiff's motion to quash with regards to Plaintiff's employers is DENIED.

Given Plaintiff's counsel's interest in the privacy rights of his former clients, the Motion to Quash directed to the treating physicians is GRANTED IN PART AND DENIED IN PART. The first request is modified to require production of only the fee/cost schedules for medical services of the type and nature provided to Plaintiff, not all of the physician's services or fees.  The second request is modified to require production, in redacted form, of the number of referrals and negotiated discount rates between treating physicians and Plaintiff's counsel, Keith Magness, over the last ten years.  This redacted information must not include any personal or confidential medical information about patient referrals.  The third request is modified to only include similar documentation for payment-in-full or sale/transfer of accounts involving the particular third-party funder(s) used by Plaintiff and his treating physicians.

Until resolution of Defendant's pending motion for summary judgment on Plaintiff's bad faith claim, the information sought in Request for Production Nos. 2, 10 and 11 is relevant to a claim in this matter.  Defendant's objections to Request for Production Nos. 2, 10 and 11 based on vagueness, burden and overbreadth are overruled.  Defendant's confidentiality or proprietary objections are likewise overruled as protective order can adequately address those concerns. Defendant must respond to these Requests by the deadlines set herein.  Defendant's objections as to attorney-client privilege and work product are preserved and may be reasserted in the new

written responses ordered herein.  If Defendant asserts attorney-client privilege or work product objections, Defendant must provide the privilege log required by Fed. R. Civ. P. 26(b)(5) by the deadline set herein.  Counsel for both parties must engage in a good faith meet and confer concerning Defendant's responses to the Plaintiff's Request for Production Nos. 2, 10 and 11 by the deadline set herein.  Accordingly, the Plaintiff's motion to compel as to Requests for Production Nos. 2, 10 and 11 is GRANTED.

Accordingly, considering the arguments of parties and the applicable law, and for the reasons stated on the record and summarized herein,

IT IS ORDERED that the Motion to Quash Notice of Records Deposition and Subpoena to Louisiana Workers' Compensation Corporation (ECF No. 26) is DENIED AS MOOT;

IT IS FURTHER ORDERED that the Motion to Quash Notice of Records Depositions and Subpoenas to Employers (ECF No. 29) is DENIED;

IT IS FURTHER ORDERED that the Motion to Quash Notice of Records Deposition and Subpoenas *Duces Tecum* to Treating Physicians (ECF No. 30) is GRANTED IN PART AND DENIED IN PART and the Subpoena Duces Tecum is MODIFIED as stated herein;

IT IS FURTHER ORDERED that the Motion to Compel Discovery (ECF No. 27) is GRANTED;

IT IS FURTHER ORDERED that Defendant provide (1) new written responses to Requests for Production Nos. 2, 10 and 11, in full compliance with Fed. R. Civ. P. 34, together with the actual production of responsive materials, if they have not already been produced; and (2) a proper privilege log that complies with Fed. R. Civ. P. 26(b)(5), if any materials are in fact being withheld on privilege grounds, on or before **Friday, December 18, 2020**.  After reviewing Defendant's new written responses and production of documents, Plaintiff must schedule, and the

parties must participate in a meet and confer before further filings on this matter.  Plaintiff may

file another motion to compel on or before **Tuesday, December 22, 2020**.  Defendant must then

respond with any opposition on or before **Tuesday, December 29, 2020**.

New Orleans, Louisiana, this 9th day of December, 2020.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

**MJSTAR: 0:46**